# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### February 16, 2015 Session

## IN RE JASMINE G.

**Appeal from the Juvenile Court for Davidson County**
**Nos. PT165059, PT163096, PT177387      Sheila Calloway, Judge**

_____

**No. M2015-01125-COA-R3-JV – Filed March 16, 2016**

_____

At issue is whether the juvenile court abused its discretion by denying Mother's request for attorney's fees. Mother filed a petition to modify child support. Father filed an answer denying the petition and a counter-petition requesting, *inter alia*, that he be awarded primary custody of their child. The case was initially tried before the magistrate who denied Father's petition and granted Mother's petition to increase child support; however, the magistrate did not rule on Mother's request for attorney's fee. Both parties filed motions asking the juvenile court judge to conduct a de novo review. The juvenile court judge affirmed the magistrate's recommendations; the judge also denied Mother's request for attorney's fees without explanation. On appeal, Mother contends the juvenile court abused its discretion by refusing to award any of her attorney's fees. Given the significant disparity in the parties' income and realizing that Mother prevailed on the issues of child support and custody, we have determined that Mother is entitled to recover the attorney's fees she reasonably incurred that relate to the issues of child support and custody and that she is entitled to recover attorney's fees incurred on appeal. Accordingly, we reverse and remand with instructions for the juvenile court to award the reasonable and necessary attorney's fees Mother incurred relating to her petition for modification of child support and Father's petition for custody. We also remand for the juvenile court to award Mother her reasonable and necessary attorney's fees incurred in this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Robert A. Anderson, Nashville, Tennessee, for the appellant, Lydia J.

James L. Collier, Nashville, Tennessee, for the appellee Michael G.

# OPINION

Lydia J. ("Mother") and Michael G. ("Father") are the parents of Jasmine G., a minor child born in August 2005. The parties resided together at the time of the child's birth, but separated shortly thereafter. In October 2006, the juvenile court entered an order setting child support which required Father to pay support in the amount of $402 per month in regular child support and $21.67 towards an arrearage judgment of $1,062. In December 2006, the juvenile court entered an order increasing Father's monthly support payments to $520 per month. Although the parties did not have a permanent parenting plan, the original order designated Mother as the primary residential parent and indicated that Father was to have "reasonable visitation as agreed to by the parties."

On August 20, 2012, Mother filed a pro se petition in juvenile court to modify the child support amount asserting that a significant variance existed between the child support guidelines and the amount of support currently set. In response, Father filed an answer and counter-petition in which he denied the allegations asserted in the petition and requested that he be awarded primary custody or, in the alternative, that he receive specific parenting time. In October 2012, Mother secured counsel and filed an answer to Father's counter-petition in which she denied Father's allegations and sought attorney's fees.

While these petitions were pending, Mother notified Father that she wished to relocate to Mississippi with the child. Father then filed a petition in opposition to Mother's relocation wherein he also sought primary custody and an award of attorney's fees. Mother filed an answer to Father's petition and also sought attorney's fees.

After discovery and preliminary hearings, a trial was held before the Magistrate of the Juvenile Court of Davidson County on April 28, 2014, and September 5, 2014. By this time, Mother had abandoned her plans to relocate. After the trial, the magistrate increased child support, denied Father's request to become primary residential parent, and established a Permanent Parenting Plan that granted Father specific parenting time. With regard to Mother's request for attorney's fees, the magistrate's order stated that she would consider assessing a portion of the fees against Father given that Mother's petition for modification of child support was granted and Father's petition for change of custody was denied. However, the magistrate indicated that she would not assess fees in their entirety given that some of the litigation prior to the final hearing in the matter involved Mother's plan to relocate, which she later abandoned.

Both parties filed timely motions asking the juvenile court judge to rehear the case.[1] The juvenile court set a final hearing for February 27, 2015.[2]

Following the de novo hearing, the juvenile court set child support at $959.38, ordered that Mother was to remain the primary residential parent, and adopted a parenting plan that granted Mother 220 days and Father 145 days of parenting time. On the issue of attorney's fees, the order stated that "each party shall pay their own attorney's fees." The relevant portion of the court's ruling from the bench regarding Mother's fee request appears in the following colloquy:

> **Juvenile Court**: As to attorney's fees, I am not ordering attorney fees. Each person has to pay the attorney's fees.
> . . .
> **Counsel for Mother:** Now, your Honor, for clarity, out of the magistrate's hearing she said she would consider awarding part of the fees. I was asking your Honor for fees for this hearing. Are you overruling the magistrate?
>
> **Juvenile Court**: I guess I'll let her finish her order, but for this hearing each party pays their own.
>
> **Counsel for Mother:** The only comment I would make, your Honor, is we were defending against an attempt to change custody. . . . By statute we're entitled to attorney's fees.
>
> **Juvenile Court**: I'm not going to.
>
> **Counsel for Mother:** I understand.
>
> **Juvenile Court:** I think it's a discretionary thing for the Court. Thank you.

---

[1] "The judge [of the juvenile court] may direct that any case . . . be heard in the first instance by the magistrate . . . . Any party may, within five (5) days thereafter, . . . file a request with the court for a hearing by the judge of the juvenile court. The judge may . . . order a rehearing of any matter heard before a magistrate, and shall allow a hearing if a request for such hearing is filed as herein prescribed." Tenn. Code Ann. § 37-1-107.

[2] Realizing that the magistrate had not ruled on Mother's request for attorney's fees, in the same order, the juvenile court stated that the issue of attorney's fees should be heard by the magistrate prior to the de novo hearing. The juvenile court specified that once the magistrate entered an order on the attorney's fees, either party could appeal if necessary and that case could be heard contemporaneously with the final hearing on February 27, 2015. However, the parties failed to further address the issue of attorney's fees with the magistrate. Nevertheless, at trial the juvenile court entertained arguments regarding attorney's fees, after which the court stated that it was within the court's discretion to award or deny such fees, and ruled on the merits of the parties' claims for attorney's fees.

Mother then filed a motion to alter or amend the juvenile court's order asking the court to award attorney's fees.[3] On May 27, 2015, the juvenile court entered an order denying the request to reconsider awarding attorney's fees.

Mother initiated this appeal and raises the following issues: (1) whether the trial court abused its discretion in failing to award Mother her reasonable attorney's fees from the hearing before the magistrate and before the juvenile court; and (2) whether the appellant is entitled to an award of her reasonable attorney's fees for this appeal.

## ANALYSIS

### I. STANDARD OF REVIEW

Decisions regarding attorney's fees are generally within the discretion of the trial court, *Owens v. Owens*, 241 S.W.3d 478, 496 (Tenn. Ct. App. 2007), and discretionary decisions are reviewed pursuant to the "abuse of discretion" standard of review. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

The abuse of discretion standard does not permit reviewing courts to substitute their discretion for the trial court; nevertheless, the abuse of discretion standard of review does not immunize the trial court's decision from meaningful appellate scrutiny. *Id.*

> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. . . .
>
> [Therefore] reviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Lee Med.*, 312 S.W.3d at 524-25 (internal citations omitted).

---

[3] This motion also sought to correct a minor matter in the final order dealing with Father's ability to claim the child as a dependent on his taxes; however, this matter is not at issue in this appeal.

For the reasons stated above, we shall review the record to determine whether there is a factual basis for the decision to deny Mother's request to recover her attorney's fees, whether the trial court properly identified and applied the applicable legal principles, and whether the decision is within the range of acceptable alternative dispositions. *See id.*

## II. ATTORNEY'S FEES INCURRED IN THE JUVENILE COURT

Mother contends she was entitled to recover her attorney's fees pursuant to Tenn. Code Ann. § 36-5-103(c). She contends the juvenile court abused its discretion by denying her fee request. She also contends the court erred by failing to state the factual and legal basis for its decision to deny her request in its entirety.

Civil litigants are generally required to be responsible for their own attorney's fees in the absence of a statute or contractual provision otherwise. *Owens*, 241 S.W.3d at 495-96 (citing *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998); *Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 33 (Tenn. Ct. App. 2002)). One of the most common circumstances in family law cases in which an award of attorney's fees is appropriate is when an economically disadvantaged parent returns to court to enforce the other parent's child support obligations. *Id.* (citing *Elliott v. Elliott*, 149 S.W.3d 77, 88 (Tenn. Ct. App. 2004)).

The statute Mother relies on, Tenn. Code Ann. § 36-5-103(c), provides a statutory mechanism for the recovery of attorney's fees in certain cases involving the custody and support of children. *Coleman v. Coleman*, No. W2011-00585-COA-R3-CV, 2015 WL 470830, at *10 (Tenn. Ct. App. Feb. 4, 2015). Section 36-5-103(c) provides:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code. Ann. § 36-5-103(c). Thus, "[i]n cases involving the custody and support of children, . . . it has long been the rule in this State that counsel fees incurred on behalf of minors may be recovered when shown to be reasonable and appropriate." *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. Ct. App. 2005) (quoting *Deas v. Deas*, 774 S.W.2d

167, 169 (Tenn. 1989)). There is no absolute right to such fees, but "their award in custody and support proceedings is familiar and almost commonplace." *Id.*

As discussed above, whether to award attorney's fees is at the discretion of the trial court, and our task on appeal is to determine whether the trial court abused its discretion. *See In re Noah J.*, No. W2014-01778-COA-R3-JV, 2015 WL 1332665, at *6 (Tenn. Ct. App. March 23, 2015). Unfortunately, in this case our review of the juvenile court's decision regarding attorney's fees is hindered by the fact that the court did not state its reasoning for denying attorney's fees.

Discretionary choices of a trial court "are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007). "In bench trials, trial courts must make findings of fact and conclusions of law to support their rulings." *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012). Specifically, Tennessee Rule of Civil Procedure 52.01 states, in pertinent part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.

Tenn. R. Civ. P. 52.01. "We have previously stated that the requirement of detailed findings of fact and conclusions of law is 'not a mere technicality.'" *Burnett v. Burnett*, No. M2014-00833-COA-R3-CV, 2015 WL 5157489, at *4 (Tenn. Ct. App. Aug. 31, 2015), *no perm. app. filed*. Without these findings, appellate courts are "left to wonder on what basis the [trial] court reached its ultimate decision." *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. Apr. 21, 2004).

While there is no bright-line test by which to assess the sufficiency of the trial court's factual findings, the general rule is that "the findings of fact must include as much of the subsidiary facts as necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." *In re Estate of Oakley*, No. M2014-00341-COA-R3-CV, 2015 WL 572747, at *11 (Tenn. Ct. App. Feb. 10, 2015) (quoting *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013)), *no perm. app. filed.* "Simply stating the trial court's decision, without more, does not fulfill this mandate." *Barnes v. Barnes*, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012).

Here, although the trial court made findings of fact and conclusions of law with regard to the parties' parenting schedule, it failed to adequately state its reasoning regarding attorney's fees. On the contrary, with regard to attorney's fees the juvenile court's final order simply stated that "each party shall pay their own attorney's fees." Further, the court's explanation from the bench at trial offered little additional clarity,

stating only that the decision was made at the court's discretion. We conclude that these statements are insufficient to satisfy the requirements of Rule 52.01.

When a trial court's findings of fact and conclusions of law fail to satisfy the Rule 52.01 mandate, we may remand the case to the trial court with directions to issue sufficient findings and conclusions. *Lovlace*, 418 S.W.3d at 36. Alternatively, we may choose to remedy the trial court's deficient factual findings by conducting a de novo review of the record to determine where the preponderance of evidence lies. *Id.* In this case we have determined that the better course is to "soldier on" and conduct a de novo review of the record to determine whether an award of attorney's fees is appropriate.

As noted above, Tenn. Code Ann. § 36-5-103(c) authorizes the award of attorney's fees in cases involving the custody and support of children. Regarding an award of attorney's fees under this statute, we have stated that "[t]here is no exhaustive list of factors a [court] should take into account in exercising its discretion on the question of attorney's fees." *Kurts v. Parrish*, No. W2004-00021-COA-R3-CV, 2004 WL 2609195, at *8 (Tenn. Ct. App. Nov. 17, 2004) (citing *Richardson v. Richardson*, 969 S.W.2d 931, 936 (Tenn. Ct. App. 1997)). However, "[s]uch an award would seem most appropriate . . . where the plaintiff proves she is entitled to an award for the benefit of her minor child, and where the cost of vindicating that right produces an inequitable reduction in the actual amount the child receives." *Id.*

Additionally, although not controlling, in awarding attorney's fees pursuant to section 36-5-103(c), a trial court may consider proof of a parties' inability to pay such fees and whether one party is at an economic disadvantaged in comparison to the other. *See Taylor*, 158 S.W.3d at 360; *Sherrod v. Wix*, 849 S.W.2d 780, 785 (Tenn. Ct. App. 1992) (holding that while inability to pay is a factor to be considered, trial courts may award attorney's fees without such proof as long as the award is just and equitable under the facts of the case); *Owens*, 241 S.W.3d at 486 (noting that in divorce cases trial courts customarily award attorney's fees as alimony when an economically disadvantaged spouse would otherwise be forced to deplete assets in order to pay for attorney's fees). We have stressed, however, that "the purpose of requiring a non-custodial parent to pay attorney fees is to protect the legal remedies of the child, not the parent." *Ingram v. Ingram*, No. 02A01-9501-CH-00005, 1996 WL 138443, at *8 (Tenn. Ct. App. March 27, 1996) (citing *Sherrod*, 849 S.W.2d at 785) (affirming the trial court's order that each parent pay their own attorney's fees because there was no indication that the child's welfare would be adversely effected otherwise). "Courts grant attorney's fees awards in child custody or support proceedings to 'facilitate a child's access to the courts.'" *Eberbach v. Eberbach*, No. M2014-01811-COA-R3-CV, 2015 WL 6445480, at *6 (Tenn. Ct. App. Oct. 23, 2015) (quoting *Sherrod*, 849 S.W.2d at 784).

In this case, the evidence adduced at trial indicates that there is a large disparity between the income of Mother and Father. Specifically, the juvenile court found that

Father's monthly gross income is $9,783.41, while Mother's income is only $1,576.90. It was because of this economic gap that Mother prevailed on her petition to increase child support, resulting in an increase of monthly support from $520 to $959.38. Based on these facts, we have determined that if Mother were now also required to pay the entirety of her attorney's fees it would, in effect, reduce the amount of support received. This result would ultimately operate to the detriment of the parties' child.

For the reasons stated above, Mother is entitled to recover the attorney's fees she incurred, to the extent they are reasonable and necessary, to enforce Father's child support obligation and to defend his petition to change custody.

Although Tenn. Code Ann. § 26-5-103(c) is a basis for Mother to recover the attorney's fees she incurred that relate to her efforts to enforce Father's child support obligation and to defend against his action to change custody, it does not permit the recovery of attorney's fees in litigation relating to the relocation of a minor child. *See Dunkin v. Dunkin*, No. M2002-01899-COA-R3-CV, 2003 WL 22238950, at *6 (Tenn. Ct. App. Sept. 30, 2003) ("[T]he instant case is one involving relocation rather than an adjudication of custody. Therefore, Tenn. Code Ann. § 36-5-103(c) provides Father with no basis for an award of attorney's fees."). Additionally, although the parental relocation statute, Tenn. Code Ann. § 36-6-108, provides that "[e]ither parent in a parental relocation matter may recover reasonable attorney fees and other litigation expenses from the other parent in the discretion of the court," Mother abandoned her planned relocation in this case; thus, she is not entitled to an award of the fees under that statute.

Therefore, on remand, the juvenile court is instructed to award Mother attorney's fees she incurred in pursuit of her petition for modification of child support and in defending against Father's counter-petition, to the extent those fees are both reasonable and necessary. However, Mother is not entitled to recover fees related to the relocation issue; thus, the court should exclude those fees from any award to Mother.

### III. ATTORNEY'S FEES INCURRED ON APPEAL

Mother also argues that she is entitled to an award of reasonable attorney's fees related to this appeal. This court has stated:

> [I]t is in the sole discretion of this court whether to award attorney's fees on appeal. As such, when this Court considers whether to award attorney's fees on appeal, we must be mindful of "the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered."

*Spigner v. Spigner*, No. E2013-02696-COA-R3-CV, 2014 WL 6882280, at \*13 (Tenn. Ct. App. Dec. 8, 2014) (quoting *Parris v. Parris*, No. M2006-02068-COA-R3-CV, 2007 WL 2713723, at \*13 (Tenn. Ct. App. Sept. 18. 2007)).

In this case, it was necessary for Mother to file an appeal to this court to recover her attorney's fees incurred in the juvenile court. For the same reasons Mother is entitled to recover the attorney's fees she incurred in the juvenile court, Mother is entitled to recover the attorney's fees incurred in this appeal. Accordingly, on remand the juvenile court shall also award Mother the fees she incurred in this appeal to the extent they are reasonable and necessary.

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded with costs of appeal assessed against Michael G.

_____
FRANK G. CLEMENT, JR., JUDGE